**REGIONS BANK d/b/a Regions Funding, Plaintiff,**

v.

**WIEDER & MASTROIANNI, P.C. and Peter Mastroianni, Defendants.**

**Wieder & Mastroianni, P.C. and Peter Mastroianni, Third– Party Plaintiffs,**

v.

**Morning Star Mortgage Bankers, Inc., Angela Daidone, and the Provident Bank, Inc. d/b/a Provident Consumer Financial Services, Inc., Third–Party Defendants.**

**No. 01 CIV.0116(WCC).**

United States District Court, S.D. New York.

March 24, 2006.

See also 170 F.Supp.2d 436.

Certilman Balin Adler & Hyman, LLP, East Meadow, NY (Thomas J. McNamara, Thomas A. Bizzaro, Jr., of counsel), for Plaintiff.

Steinberg & Cavaliere, LLP, White Plains, NY (Ronald W. Weiner, of counsel), for Defendants/Third–Party Plaintiffs.

Buchanan Ingersoll PC, New York, NY (William M. O'Connor, Evelyn H. Seeler, of counsel), Keating, Muething & Klekamp, P.L.L., Cincinnati, OH (James E. Burke, of counsel), for Third–Party Defendant The Provident Bank d/b/a Provident Consumer Financial Services, Inc.

## OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

Plaintiff Regions Bank d/b/a Regions Funding ("Regions") commenced this action against defendants Wieder & Mastroianni, P.C. and Peter Mastroianni (collectively "defendants" or "W & M") alleging conversion and breach of fiduciary duty. W & M in turn filed a Third–Party Complaint against The Provident Bank, Inc. d/b/a Provident Consumer Financial Services, Inc. ("Provident") and Morning Star Mortgage Bankers, Inc. and Angela Daidone (collectively "Morning Star").[1] W & M now moves for summary judgment on the grounds that: (1) Regions' claims are barred because

---

1. Morning Star, although served, has never appeared in this action.

they are inconsistent with Article 4A of the Uniform Commercial Code ("UCC"); and (2) there is no issue of material fact with respect to the claims for conversion and breach of fiduciary duty. Regions cross-moves for partial summary judgment on the conversion claim. Provident seeks dismissal of the Third–Party Complaint pursuant to FED. R. CIV. P. 12(b)(6) or, in the alternative, summary judgment pursuant to FED. R. CIV. P. 56 based on collateral estoppel. For the reasons stated herein, W & M's motion is granted with respect to the conversion and breach of fiduciary duty claims, Regions' motion is denied and Provident's motion for dismissal is granted.

## BACKGROUND

### I. *Factual Allegations*

The facts of this case are set forth extensively in our previous opinion, familiarity with which is presumed. *See Regions Bank v. Wieder & Mastroianni, P.C.*, 170 F.Supp.2d 436 (S.D.N.Y.2001) (Conner, J.). Accordingly, we set forth only the procedural history necessary for decision on the present motions.

### II. *Procedural History*

On June 30, 2000, Regions filed a complaint in United States District Court for the Northern District of Georgia, Atlanta Division, (the "Georgia action") against Provident and Morning Star alleging, *inter alia*, unjust enrichment, conversion and receipt of stolen property by Provident, and breach of contract, breach of legal duty, conversion and fraud by Morning Star. *See Regions Bank v. Provident Bank, Inc.*, 345 F.3d 1267, 1273 (11th Cir. 2003). Regions filed the instant action against W & M because, evidently, W & M was not subject to the jurisdiction of the Georgia court. W & M's Third–Party Complaint against Provident and Morning

Star seeks contribution for any judgment Regions recovers against W & M.

On August 15, 2001, Provident filed a motion to dismiss the Third–Party Complaint arguing, *inter alia*, that this Court should stay or dismiss the entire present action pending decision of the Georgia action under the first-filed rule. *See Regions Bank*, 170 F.Supp.2d at 440. By Order dated November 7, 2001, this Court granted Provident's motion for a stay. *Id.* at 441. On September 25, 2002, the Georgia action was dismissed on Provident's motion for summary judgment, which was upheld by the Eleventh Circuit. *See Regions Bank*, 345 F.3d 1267.

## DISCUSSION

### I. *Standard of Review*

Under FED. R. CIV. P. 56, summary judgment may be granted where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby*, 477 U.S. 242, 247–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material only if, based on that fact, a reasonable jury could find in favor of the nonmoving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. The burden rests on the movant to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In deciding whether summary judgment is appropriate, the court resolves all ambiguities and draws all permissible factual inferences against the movant. *See Anderson*, 477 U.S. at 255, 106 S.Ct. 2505. To defeat summary judgment, the nonmovant must go beyond the pleadings and "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct.

1348, 89 L.Ed.2d 538 (1986). The court's role at this stage of the litigation is not to decide issues of material fact, but to discern whether any exist. *See Gallo v. Prudential Residential Servs., L.P.*, 22 F.3d 1219, 1224 (2d Cir.1994).

## II. UCC Article 4A

UCC Article 4A governs fund transfers or wholesale wire transfers. *See* U.C.C. § 4A–102. This provision was enacted to "respond[ ] to the growing use of funds transactions and the absence of a 'comprehensive body of law—statutory or judicial—that defined the jurisdictional nature of a funds transfer or the rights and obligations flowing from payment orders.'" *Sheerbonnet, Ltd. v. Am. Exp. Bank, Ltd.*, 951 F.Supp. 403, 407 (S.D.N.Y.1995) (quoting § 4A–102 Official Comment, at 559). Article 4A was carefully crafted to balance the interests of commercial and financial organizations with the public interest. *See* § 4A–102 Official Comment. "The rules that emerged represent a careful and delicate balancing of those interests and are intended to be the *exclusive* means of determining the rights, duties and liabilities of the affected parties in any situation

covered by particular provisions of the Article." *Id.* (emphasis added).

■ Regions' claims are based on a series of transactions in which they transferred funds to an escrow account, set up and managed by W & M, acting as Morning Star's settlement agent pursuant to a Warehouse Security Agreement and warehouse line of credit between Regions and Morning Star. *See Regions Bank*, 170 F.Supp.2d at 437–38. There is no question that Article 4A applies to this transaction.[2] Moreover, despite defendants contentions to the contrary, plaintiff's claim for conversion is permissible under the U.C.C.'s framework. A party raising a claim under Article 4A cannot rely on principles of law or equity that are inconsistent with the Article. *See* § 4A–102 Official Comment. "Clearly, parties whose conflict arises out of a funds transfer should look first and foremost to Article 4A for guidance in bringing and resolving their claims, but the article has not completely eclipsed the applicability of common law in the area." *Sheerbonnet*, 951 F.Supp. at 407. Indeed, "Article 4A is not the 'exclusive means by which a plaintiff can seek to redress an alleged harm arising from a funds transfer.'" *Regions Bank*, 345 F.3d at 1274–75

**2.** In its opinion, the Eleventh Circuit reasoned:

Regions's claims are based on Morningstar's direction to Fleet Bank to transfer funds, illegally obtained from Regions, to Morningstar's DDA at Provident. Because the wire transfers at issue here occurred via the Federal Reserve Wire Transfer Network, or "Fedwire," which is owned and operated by the Federal Reserve Banks, Subpart B of Federal Reserve Regulation J ("Regulation J"), 12 C.F.R. §§ 210.25–210.32, applies. Moreover, Regulation J "incorporates the provisions of Article 4A" of the U.C.C. as set forth in the Regulation and "governs the rights and obligations of," *inter alia*, "parties to a funds transfer any part of which is carried out through Fedwire ...." Accordingly, the provisions of

Article 4A, as incorporated to funds transfers using Fedwire via Regulation J, apply to the circumstances before us.
*Regions Bank*, 345 F.3d at 1274 (citations omitted). The case before this Court deals with the same wire transfer. Therefore, we adopt the Eleventh Circuit's reasoning with respect to the applicability of Article 4A in this case. In addition, the statute defines a "funds transfer" as "the series of transactions, beginning with the originator's payment order, made for the purpose of making payment to the beneficiary of the order." U.C.C. § 4A–104. Here, Regions, "the originator," made three payments by wire transfer to Morning Star, "the beneficiary." W & M, as Morning Star's agent, received these funds into its escrow account at Fleet Bank.

(quoting *Sheerbonnet,* 951 F.Supp. at 409). Nowhere does Article 4A expressly or impliedly preclude common law claims for conversion. *See Banco De La Provincia De Buenos Aires v. BayBank Boston N.A.,* 985 F.Supp. 364, 371 (S.D.N.Y.1997). The same holds true for the breach of fiduciary duty claim. Certainly a rule established to govern wire transfers would not restrict a party's fiduciary duties and defendants have offered no convincing argument as to why a claim for conversion or breach of fiduciary duty would be inconsistent with Article 4A.

### III. *Conversion*

 "In New York, '[c]onversion occurs when a defendant exercises unauthorized dominion over personal property in interference with a plaintiff's legal title or superior right of possession.'" *Newbro v. Freed,* 409 F.Supp.2d 386, 394 (S.D.N.Y. 2006) (quoting *LoPresti v. Terwilliger,* 126 F.3d 34, 41 (2d Cir.1997)). "Actions for the conversion of money are cognizable only in cases 'where there is an obligation to return or otherwise treat in a particular manner the specific money in question.'" *Brassco, Inc. v. Klipo,* No. 99 Civ. 3014, 2006 WL 223154, at *20 (S.D.N.Y. Jan.27, 2006) (quoting 23 N.Y. Jur. § 9). Therefore, "'[m]oney must be specifically identifiable and segregated' in order to be the subject of an action in conversion; if 'the allegedly converted money is incapable of being described or identified in the same manner as specific chattel, it is not the proper subject of a conversion action.'" *Id.* (quoting *Fiorenti v. Cent. Emergency Physicians, P.L.L.C.,* 187 Misc.2d 805, 810, 723 N.Y.S.2d 851, 856 (Nassau Co. Sup.Ct. 2001)).

 W & M was a mortgage banker retained by Morning Star to close mortgage loans. (Defs. Rule 56.1 Stmt. ¶ 1; Pl. Rule 56.1 Stmt. ¶ 1.) Mortgage banking clients, including Morning Star, would have loan funds deposited, often by wire transfer, into W & M's attorney trust account maintained by W & M at Fleet Bank. (Mastroianni Aff. ¶¶ 2, 3.) It is undisputed that "[o]n any given day, multiple deposits were made into the W & M Trust Account for multiple loan transactions that W & M was retained to close on behalf of Morning Star and its other mortgage banking clients." (*Id.* ¶ 4; *see* Defs. Rule 56.1 Stmt.¶ 4; Pl. Rule 56.1 Stmt. ¶ 4.) The money from Regions was deposited into W & M's escrow account at the direction of and for the benefit of Morning Star. As the Eleventh Circuit ruled in *Regions Bank,* 345 F.3d at 1277, there is no conversion unless the depositary knew or should have known that the deposited funds were being taken or withheld from their owner. Here W & M had no reason to know that the funds had come from Regions. When Morning Star instructed it to transfer them to its account at Provident, it was duty bound to comply. It did not knowingly convert funds belonging to Regions. W & M's motion for summary judgment with respect to the conversion claim is granted.[3]

### IV. *Breach of Fiduciary Duty*

W & M argues that no fiduciary duty arose between it and Regions because: (1)

---

3. Plaintiff relies on *Newbro v. Freed* for the proposition that an unauthorized wire transfer from one bank account to another constitutes conversion. 409 F.Supp.2d at 395. However, the facts in this case are distinguishable from *Newbro.* In that case, a financial consultant transferred funds from one client's account into another client's account in order to cover a theft from the latter account. *Id.* at 390. This is not the situation here. W & M had no reason to suspect impropriety in Morning Star's direction to transfer the funds to its account at Provident.

the deposit was a unilateral, arm-length business transaction; (2) there was no agreement between W & M and Regions; (3) it was never specified that the funds were to be held in escrow; (4) W & M was acting as Morning Star's agent and owed no duty to Regions to check with them before wiring the funds to Provident; and (5) the proximate cause of Regions' loss was the criminal and fraudulent conduct of Morning Star and its president. (Defs. Mem. Supp. Mot. Summ. J. at 11–12.) In response, Regions argues that W & M owed a duty to Regions to return the funds when the closing did not take place or, at the least, W & M assumed such a duty when it attempted to recover the funds for Regions. (Pl. Mem. Opp. Mot. Summ. J. at 19–23.) In the Complaint, Regions alleges that defendants owed it a fiduciary duty as an escrow agent. (Complt.¶¶ 25–27.)

In order to prove breach of a fiduciary duty in New York, plaintiff must demonstrate: (1) that a fiduciary duty existed between plaintiff and defendant; and (2) that defendant breached that duty. *Thermal Imaging, Inc. v. Sandgrain Sec., Inc.,* 158 F.Supp.2d 335, 343 (S.D.N.Y. 2001). "The existence of a fiduciary relationship cannot be determined 'by recourse to rigid formulas.'" *Id.* at 343 (quoting *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.,* 767 F.Supp. 1220, 1231 (S.D.N.Y.1991), *rev'd on other grounds,* 967 F.2d 742 (2d Cir.1992)). "New York courts typically focus on whether one person has reposed trust or confidence in another who thereby gains a resulting superiority or influence over the first." *Litton Indus.,* 767 F.Supp. at 1231. Simply because one reposes trust or confidence in another does not give rise to a fiduciary duty; the trust must be accepted as well. *Thermal Imaging,* 158 F.Supp.2d at 343.

Although Regions may have reposed trust or confidence in W & M by transferring the money into the account, this does not give rise to a fiduciary duty because W & M never accepted a relationship of trust or confidence with respect to Regions. W & M was unaware that the funds came from Regions and received them to be held at the direction of Morning Star. When Morning Star told W & M that the realty transactions would not be consummated and that the escrowed funds should be wired to Morning Star's account at Provident, W & M was obligated to comply. W & M was not a party to nor even aware of the Warehouse Security Agreement between Regions and Morning Star and it certainly was not a guarantor of Regions' loans to Morning Star.

There was no agreement of any kind, express or implied, between Regions and W & M. Any subjective, uncommunicated intent that Regions may have had to form an escrow agreement did not bind W & M in a fiduciary relationship with the unknown source of the deposited funds. W & M did not breach any fiduciary duty it owed to Regions. Therefore, summary judgment is granted for the defendants on the breach of fiduciary duty claim.

## V. Third–Party Complaint Against Provident

As this Court has granted summary judgment for W & M on the conversion and fiduciary claims, there is no longer any basis for the contribution claims of W & M against Provident. Therefore, the motion of Provident is granted and the Third–Party Complaint is dismissed without prejudice.

## CONCLUSION

For all of the foregoing reasons, the motion of defendants Wieder & Mastroianni, P.C. and Peter Mastroianni for summary judgment is granted, the motion of plaintiff Regions Bank for partial summary

judgment as to the conversion claim is denied, and the motion of Provident Bank to dismiss, without prejudice, the Third–Party Complaint is granted. The claims against third-party defendants Morning Star Mortgage Bankers, Inc. and Angela Daidone are dismissed as moot.

SO ORDERED.