**REGIONS BANK d/b/a Regions Funding, Plaintiff–Appellant,**

v.

**WIEDER & MASTROIANNI, P.C. and Peter Mastroianni, Defendants–Third–Party Plaintiffs–Appellees,**

* The Honorable Charles L. Brieant, United States District Judge for the Southern District

Provident Bank, Inc. d/b/a Provident Consumer Financial Services, Inc., Morning Star Mortgage Bankers, Inc. and Angela Daidone, Third–Party Defendants.

No. 06–1868–cv.

United States Court of Appeals, Second Circuit.

Nov. 1, 2007.

Thomas J. McNamara, Certilman, Balin Adler & Hyman, LLP, East Meadow, NY, for Appellant.

Neil W. Silberblatt, Steinberg & Cavaliere, LLP, White Plains, NY, for Appellees.

PRESENT: Hon. PIERRE N. LEVAL, and Hon. ROBERT A. KATZMANN, Circuit Judges, Hon. CHARLES L. BRIEANT, District Judge.*

### SUMMARY ORDER

Plaintiff Regions Bank appeals from the judgment of the United States District Court for the Southern District of New York (Conner, *J.*), granting summary judgment in favor of defendant Wieder & Mastroianni on Regions Bank's claim of conversion.

In awarding summary judgment in favor of the defendant, the district court referred to the Eleventh Circuit's dismissal of plaintiff's claim against Provident Bank

of New York, sitting by designation.

in a companion case relating to the same facts. *See Regions Bank v. Wieder & Mastroianni, P.C.,* 423 F.Supp.2d 265, 269 (S.D.N.Y.2006) (citing *Regions Bank v. Provident Bank, Inc.,* 345 F.3d 1267, 1277 (11th Cir.2003)). The district court explained, "As the Eleventh Circuit ruled . . ., there is no conversion unless the depositary knew or should have known that the deposited funds were being taken or withheld from their owner." *Id.* In that ruling, the Eleventh Circuit relied on Ohio law with respect to the elements of conversion. *See Regions Bank,* 345 F.3d at 1279 & n. 17. The parties are in agreement, however, that the claim asserted in this case against Wieder & Mastroianni is determined by New York law, and that the New York standard for a claim of conversion is in some respects different from that of Ohio.

It is not altogether clear whether the district court followed the decision of the Eleventh Circuit, essentially relying on the Ohio standard for conversion, or correctly applied the New York standard and referred to the Eleventh Circuit case only to express the district court's view that the two standards lead to the same result when applied to these facts.

We remand to the district court, under *United States v. Jacobson,* 15 F.3d 19, 22 (2d Cir.1994), for the district court to answer whether it applied Ohio law rather than New York law, and, if so, whether it reaches the same or a different decision applying New York law to the question of Wieder & Mastroianni's liability for conversion. Upon remand, the district court is at liberty to conduct any hearing or trial it deems appropriate, and to modify its judgment.

The parties are directed to notify this Court promptly of the district court's response to this inquiry (and of any modification of the judgment), together with any request for further action on the part of this Court. Upon receipt of such notification, jurisdiction of the case shall be restored to this Court and the matter referred to this panel.

The mandate shall issue forthwith.